UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:19-cr-20227-2

HONORABLE STEPHEN J. MURPHY, III

v.

CATALIN PUSCASU,

        Defendant.

                         /

**OPINION AND ORDER
<u>DENYING MOTION FOR COMPASSIONATE RELEASE [63]</u>**

Defendant Catalin Puscasu moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 63. Defendant argued the Court should reduce his sentence so that he could care for his mother in Romania, spend time with his children, and relieve the burden his criminality has placed on his wife. *Id.* at 313–16. He also argued that his sentence is purely punitive at this point. *Id.* Defendant offered no reasons for release related to his own personal health or the COVID-19 pandemic. *Id.*

The Government responded that Defendant's concerns do not warrant a sentence reduction as an "extraordinary and compelling reason" under the First Step Act. ECF 65, PgID 323. And the Government also assured the Court that Defendant is fully vaccinated against COVID-19 so there is no health emergency in the case. ECF 65-1. On those bases, the Court will deny the compassionate release motion.

1

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release, ECF 63, PgID 317, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own

initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claims about returning to Romania to care for his mother, see his children, and relieve the burden on his wife are not unique. In fact, most every prisoner has family or friends outside of prison who are affected by their loved one's incarceration. That fact is not extraordinary. Without more, the circumstances described by Defendant are not extraordinary and do not rise to the level of compelling. *See, e.g.*, *United States v. Benson*, No. 03-80139, 2021 WL 527280, at *2 n.1 (E.D. Mich. Feb. 12, 2021) ("[S]imply having an elderly parent who may need assistance, and may be susceptible to COVID-19, is not, by itself, exceptional and does not justify early release"). What is more, Defendant will be released from incarceration in October 2021, in only a few months' time, and will be able to arrange

3

care for his family at that point. *See* ECF 53, PgID 313. In short, Defendant's desire to be with his family and avoid further incarceration is not extraordinary and compelling. The Court will therefore deny the compassionate release motion.!

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [63] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: January 19, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 19, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager